NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUEBING LU,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 16-70832<br><br>Agency No. A089-983-897<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before: CANBY, TROTT, and GRABER, Circuit Judges.

Xuebing Lu, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"), and denying her motion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

to remand. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review for abuse of discretion the denial of a motion to reopen, *Sharma v. Holder*, 633 F.3d 865, 872 (9th Cir. 2011). We deny the petition for review.

In her opening brief, Lu does not challenge the agency's determination that she failed to establish past persecution on account of a protected ground. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Substantial evidence supports the agency's determination that Lu failed to demonstrate an objectively reasonable fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future persecution "not objectively reasonable under the circumstances of [the] case"). Thus, Lu's asylum claim fails.

Because Lu failed to establish eligibility for asylum, in this case, she did not establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the agency's denial of CAT relief because Lu failed to show it is more likely than not that she would be tortured by or with the consent or acquiescence of the Chinese government. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

Finally, the BIA did not abuse its discretion in denying Lu's motion to

remand where Lu failed to present clear and convincing evidence of a strong likelihood that her marriage to a United States citizen was bona fide. *See Malhi v. INS*, 336 F.3d 989, 994 (9th Cir. 2003) (providing that an applicant "must offer evidence that is probative of the motivation for marriage, not just the bare fact of getting married.").

**PETITION FOR REVIEW DENIED**.